IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CRYSTAL LEEANN STRAHLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 6:23-cv-03307-MDH |
| | ) | |
| MARTIN O'MALLEY, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Before the Court is the Application for Attorney Fees under 42 U.S.C. 406(b). (Doc. 17). Movant's motion seeks $5,355.80 in fees. Plaintiff signed an Affidavit assigning any fee under the EAJA to Plaintiff's counsel.

The Commissioner has responded to the motion. The Commissioner states it has no objection to the reasonableness of the fee requested and agrees Plaintiff's attorney should be awarded fees under § 406(b) in the amount of $5,355.80 for services performed on behalf of Plaintiff. (Doc. 18).

First, a lawful arrangement exists between Plaintiff and her attorney. Plaintiff has provided an affidavit and assignment of EAJA. The assignment of the EAJA is to compensate counsel for the work performed on this case. (Doc. 17-3).

Second, there exists an inherent risk in social security practice that an attorney will not be paid. Civil actions for Social Security Insurance and Disability Benefits bear a significant risk of loss. "Thus, when a lawyer wins having proceeded on a contingency basis, an attorney fee that might otherwise appear unreasonable is perfectly appropriate." *Bear v. Astrue*, 544 F. Supp. 2d

1

881, 884 (D. Neb. 2008). Although a fee may seem excessive in a vacuum, the inherent risk of loss, the effective representation of the attorney on Plaintiff's behalf, and the long-term benefits Plaintiff will receive achieves an equilibrium that allows this Court to conclude that the fees are reasonable.

Finally, the Commissioner has no objection to an award of attorney fees under Section 406(b). The Commissioner is in a position to understand the time and skill necessary to litigate these matters. When the Commissioner has no objection to the award of fees, the Court weighs that strongly in favor of awarding fees.

Thus, the Court finds that an award of **$5,355.80** for attorney fees is reasonable in this case.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** the Application for Attorney Fees.

**IT IS SO ORDERED.**
DATED: October 7, 2024

                                                   */s/ Douglas Harpool*
                                                   **DOUGLAS HARPOOL**
                                                   **UNITED STATES DISTRICT JUDGE**